COX FRICKE LLP
A LIMITED LIABILITY LAW PARTNERSHIP LLP

JOACHIM P. COX                    7520
    jcox@cfhawaii.com
RANDALL C. WHATTOFF          9487
    rwhattoff@cfhawaii.com
800 Bethel Street, Suite 600
Honolulu, Hawai'i 96813
Telephone:  (808) 585-9440
Facsimile:  (808) 275-3276

MUNGER, TOLLES & OLSON LLP

BRAD D. BRIAN (*pro hac vice* Forthcoming)
    brad.brian@mto.com
LISA J. DEMSKY (*pro hac vice* Forthcoming)
    lisa.demsky@mto.com
NICHOLAS D. FRAM (*pro hac vice* Forthcoming)
    nicholas.fram@mto.com
350 South Grand Avenue 50th Floor
Los Angeles, California 90071
Telephone:  (213) 683-9100
Facsimile:  (213) 687-3702

Attorneys for Defendants
HAWAIIAN ELECTRIC COMPANY, INC., MAUI
ELECTRIC COMPANY, LIMITED, HAWAII
ELECTRIC LIGHT COMPANY, INC., and
HAWAIIAN ELECTRIC INDUSTRIES, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| NOVA BURNES; MAUI CONCIERGE AESTHETICS, LLC; LISA GORMAN-CABINGAS; MICHAEL CABINGAS; LANI CHADLI, individually and as Trustee of the AOTAKI FAMILY IRREVOCABLE TRUST; KATHRYN LLAMAS; and BARRETT PROCELL, individually and on behalf of all others similarly situated,<br><br>Plaintiffs, | CASE NO. 1:23-CV-00452<br><br>HAWAIIAN ELECTRIC DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL; CERTIFICATE OF SERVICE<br>Trial:     None Set<br>Judge:    Hon. Leslie E. Kobayashi |

vs.

HAWAIIAN ELECTRIC COMPANY,
INC. dba HAWAIIAN ELECTRIC; MAUI
ELECTRIC COMPANY, LIMITED dba
MECO; HAWAI'I ELECTRIC LIGHT
COMPANY, INC.; HAWAIIAN
ELECTRIC INDUSTRIES, INC.;
TRUSTEES OF THE ESTATE OF
BERNICE PAUAHI BISHOP; COUNTY
OF MAUI, and DOE DEFENDANTS 1-
10,

        Defendants.

## HAWAIIAN ELECTRIC DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT

Defendants HAWAIIAN ELECTRIC INDUSTRIES, INC. ("HEI"), HAWAIIAN

ELECTRIC COMPANY, INC. ("HECO"), HAWAII ELECTRIC LIGHT COMPANY, INC.

("HELCO"), and MAUI ELECTRIC COMPANY, LIMITED ("MECO") (collectively

"Hawaiian Electric Defendants"), by and through their attorneys, Cox Fricke, LLP and Munger,

Tolles & Olson LLP, hereby submit their Answer to the Second Amended Complaint

("Complaint") dated October 4, 2023, and state and allege as follows:

Each paragraph below corresponds to the same-numbered paragraph in the Complaint.

By answering the Complaint, the Hawaiian Electric Defendants do not admit the accuracy of

Plaintiffs' characterization of any documents cited or referenced in the Complaint, the substance

of any of those documents, or the authenticity or admissibility of any of those documents, and

reserve all rights and objections to those documents.  Investigations into the August 7-8, 2023

fires are ongoing and not yet complete, and the Hawaiian Electric Defendants' responses herein

are based on information known at the time of writing.  All allegations not specifically admitted

are denied.  All headings are denied.

1.     In response to Paragraph 1, the Hawaiian Electric Defendants admit that a fire broke out near the town of Lahaina on the Island of Maui, State of Hawai'i at approximately 6:30 a.m. on August 8, 2023 ("Morning Fire").  The Hawaiian Electric Defendants further admit that a second fire began in the same area near the town of Lahaina at approximately 3 p.m. that afternoon ("Afternoon Fire").  The Hawaiian Electric Defendants admit that the Afternoon Fire resulted in property damage and the deaths of more than 90 people.  The remaining allegations in this Paragraph are denied.

2.     In response to Paragraph 2, the Hawaiian Electric Defendants admit that the Maui County Fire Department responded to the fire that was reported at approximately 6:30 a.m., reported it was "100% contained," left the scene, and later declared it had been "extinguished."  The allegations regarding the Estate's unmaintained land and overgrown vegetation are not directed at the Hawaiian Electric Defendants, so no response is necessary.  At this time, the Hawaiian Electric Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this Paragraph, and on that basis, such allegations are denied.

3.     The Hawaiian Electric Defendants deny the allegations regarding downed power lines. The allegations in the last two sentences of Paragraph 3 are not directed toward the Hawaiian Electric Defendants, so no response is necessary.  At this time, the Hawaiian Electric Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this Paragraph, and on that basis, such allegations are denied.

4.     The Hawaiian Electric Defendants deny the allegations in this Paragraph.

5.     To the extent that allegations in this Paragraph are not directed the Hawaiian Electric Defendants, no response by the Hawaiian Electric Defendants is necessary.  Paragraph 5 contains

legal conclusions which the Hawaiian Electric Defendants deny as to the Hawaiian Electric Defendants.

6.      At this time, the Hawaiian Electric Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph, and on that basis, such allegations are denied.

7.      At this time, the Hawaiian Electric Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph, and on that basis, such allegations are denied.

8.      At this time, the Hawaiian Electric Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph, and on that basis, such allegations are denied.

9.      To the extent that allegations in this Paragraph are not directed the Hawaiian Electric Defendants, no response by the Hawaiian Electric Defendants is necessary.  Paragraph 9 contains legal conclusions which the Hawaiian Electric Defendants deny as to the Hawaiian Electric Defendants.

10.     To the extent that allegations in this Paragraph are not directed the Hawaiian Electric Defendants, no response by the Hawaiian Electric Defendants is necessary.  Paragraph 10 contains legal conclusions which the Hawaiian Electric Defendants deny as to the Hawaiian Electric Defendants.

11.     At this time, the Hawaiian Electric Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph, and on that basis, such allegations are denied.

12. At this time, the Hawaiian Electric Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph, and on that basis, such allegations are denied.

13. To the extent that allegations in this Paragraph are not directed the Hawaiian Electric Defendants, no response by the Hawaiian Electric Defendants is necessary. Paragraph 13 contains legal conclusions which the Hawaiian Electric Defendants deny as to the Hawaiian Electric Defendants.

14. At this time, the Hawaiian Electric Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph, and on that basis, such allegations are denied.

15. At this time, the Hawaiian Electric Defendants lack knowledge or information sufficient to form a belief about the truth of the  allegations in this Paragraph, and on that basis, such allegations are denied.

16. To the extent that allegations in this Paragraph are not directed the Hawaiian Electric Defendants, no response by the Hawaiian Electric Defendants is necessary. Paragraph 16 contains legal conclusions which the Hawaiian Electric Defendants deny as to the Hawaiian Electric Defendants.

17. At this time, the Hawaiian Electric Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph, and on that basis, such allegations are denied.

18. At this time, the Hawaiian Electric Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph, and on that basis, such allegations are denied.

19.     To the extent that allegations in this Paragraph are not directed the Hawaiian Electric Defendants, no response by the Hawaiian Electric Defendants is necessary.  Paragraph 19 contains legal conclusions which the Hawaiian Electric Defendants deny as to the Hawaiian Electric Defendants.

20.     In response to Paragraph 20, the Hawaiian Electric Defendants admit that HECO has been a  Hawaiʻi corporation since 1891 that conducts business in the State of Hawaiʻi, with its principal place of business and headquarters in the City and County of Honolulu, State of Hawaiʻi.  The Hawaiian Electric Defendants admit that HECO is the principal subsidiary of HEI and the parent company of MECO and HELCO.  The Hawaiian Electric Defendants admit that HECO "owns, controls, operates, and/or manages one or more energy plant and equipment that is directly or indirectly for public use for the production, conveyance, transmission, delivery, or furnishing of light and power in the State of Hawaiʻi."  The Hawaiian Electric Defendants deny any remaining allegations.

21.     Admitted.

22.     In response to Paragraph 22, the Hawaiian Electric Defendants admit that HELCO is a Hawaiʻi corporation that conducts business in the State of Hawaiʻi, with its principal place of business and headquarters in the City of Hilo, State of Hawaiʻi.  Hawaiian Electric Defendants admit that HELCO "owns, controls, operates, and/or manages one or more energy plant and equipment that is directly or indirectly for public use for the production, conveyance, transmission, delivery, or furnishing of light and power in the State of Hawaiʻi."  The Hawaiian Electric Defendants deny any remaining allegations.

23.     In response to Paragraph 23, the Hawaiian Electric Defendants admit that HEI, a publicly traded Hawaiʻi corporation, conducts business in the State of Hawaiʻi, with its headquarters and

principal place of business in the City and County of Honolulu, State of Hawaiʻi. The Hawaiian Electric Defendants admit that HEI is the parent company of HECO. The Hawaiian Electric Defendants deny any remaining allegations.

24.     Paragraph 24 contains no factual allegations to which the Hawaiian Electric Defendants are required to respond.

25.     The Hawaiian Electric Defendants admit that HECO, MECO, and HELCO supply nearly all of the electricity to the Counties of Maui and Hawaii, and the City and County of Honolulu. The Hawaiian Electric Defendants admit that Defendant HECO has sole ownership of about 50,000 poles. All remaining allegations are denied.

26.     Paragraph 26 contains legal conclusions which the Hawaiian Electric Defendants deny. To the extent that this Paragraph contains factual allegations to which the Hawaiian Electric Defendants are required to respond, the Hawaiian Electric Defendants deny such allegations.

27.     The allegations in Paragraph 27 are not directed toward the Hawaiian Electric Defendants, so no response is necessary.

28.     The allegations in Paragraph 28 are not directed toward the Hawaiian Electric Defendants, so no response is necessary.

29.     At this time, the Hawaiian Electric Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph, and on that basis, such allegations are denied.

30.     The allegations in Paragraph 30 are not directed toward the Hawaiian Electric Defendants, so no response is necessary.

31.     In response to Paragraph 31, the Hawaiian Electric Defendants admit they conduct business and use and possess real property within this state, but the Hawaiian Electric Defendants deny that they commit tortious injuries within this state.  The remainder of Paragraph 31 contains legal conclusions to which the Hawaiian Electric Defendants are not required to respond.

32.     Paragraph 32 contains legal conclusions to which the Hawaiian Electric Defendants are not required to respond.

33.     Paragraph 33 contains legal conclusions to which the Hawaiian Electric Defendants are not required to respond.

34.     The Hawaiian Electric Defendants admit that HECO, MECO, and HELCO "own, build, operate, and maintain power lines and other electrical equipment and infrastructure to transmit power to residents, businesses, schools, and other entities in Hawaiʻi" and "own, maintain, and operate equipment throughout Hawaiʻi."  The Hawaiian Electric Defendants deny all remaining allegations.

35.     Paragraph 35 contains legal conclusions or characterizations which the Hawaiian Electric Defendants deny.

36.     Paragraph 36 contains legal conclusions or characterizations to which the Hawaiian Electric Defendants are not required to respond.

37.     Paragraph 37 contains legal conclusions or characterizations to which the Hawaiian Electric Defendants are not required to respond.

38.     Paragraph 38 contains legal conclusions or characterizations which the Hawaiian Electric Defendants deny.

39.    To the extent that allegations in this Paragraph are not directed toward the Hawaiian Electric Defendants, no response by the Hawaiian Electric Defendants is necessary.  The Hawaiian Electric Defendants admit that HECO, MECO, and HELCO were aware of the risk of wildfire as one of several serious natural risks on Maui, and that they had taken steps to address those risks.  Paragraph 39 otherwise contains characterizations to which the Hawaiian Electric Defendants are not required to respond.

40.    The Hawaiian Electric Defendants admit that the document referenced in Paragraph 40 exists.  The document referenced in Paragraph 40 speaks for itself, and the Hawaiian Electric Defendants refer the Court to the document for its contents.

41.    The Hawaiian Electric Defendants admit that HECO, MECO, and HELCO were aware of the risk of wildfire as one of several serious natural risks on Maui, and that they had taken steps to address those risks.  Paragraph 41 otherwise contains characterizations to which the Hawaiian Electric Defendants are not required to respond.

42.    The Hawaiian Electric Defendants admit that Hurricane Lane helped spread wildfires on Maui in 2018.  Paragraph 38 otherwise contains characterizations to which the Hawaiian Electric Defendants are not required to respond.

43.    Paragraph 43 contains characterizations to which the Hawaiian Electric Defendants are not required to respond.

44.    The Hawaiian Electric Defendants admit that the document referenced in Paragraph 44 exists.  The document referenced in Paragraph 44 speaks for itself, and the Hawaiian Electric Defendants refer the Court to the document for its contents.

45.    The allegations in Paragraph 45 are not directed toward the Hawaiian Electric Defendants, so no response is necessary.

46.     The allegations in Paragraph 46 are not directed toward the Hawaiian Electric Defendants, so no response is necessary.

47.     To the extent that the allegations in Paragraph 47 are not directed toward the Hawaiian Electric Defendants, no response is necessary. To the extent that the Hawaiian Electric Defendants are required to respond, the Hawaiian Electric Defendants admit that the document referenced in Paragraph 47 exists.  The document referenced in Paragraph 47 speaks for itself, and the Hawaiian Electric Defendants refer the Court to the document for its contents.

48.     To the extent that the allegations in Paragraph 48 are not directed toward the Hawaiian Electric Defendants, no response is necessary. To the extent that the Hawaiian Electric Defendants are required to respond, the Hawaiian Electric Defendants admit that the document referenced in Paragraph 48 exists.  The document referenced in Paragraph 48 speaks for itself, and the Hawaiian Electric Defendants refer the Court to the document for its contents.

49.     The Hawaiian Electric Defendants admit that the document referenced in Paragraph 49 exists.  The document referenced in Paragraph 49 speaks for itself, and the Hawaiian Electric Defendants refer the Court to the document for its contents.

50.     The Hawaiian Electric Defendants admit that the document referenced in Paragraph 50 exists.  The document referenced in Paragraph 50 speaks for itself, and the Hawaiian Electric Defendants refer the Court to the document for its contents.  The remainder of Paragraph 50 contains characterizations which the Hawaiian Electric Defendants deny.

51.     The Hawaiian Electric Defendants admit that the document referenced in Paragraph 51 exists.  The document referenced in Paragraph 51 speaks for itself, and the Hawaiian Electric Defendants refer the Court to the document for its contents.  The remainder of Paragraph 51 contains characterizations which the Hawaiian Electric Defendants deny.

52.     The Hawaiian Electric Defendants admit that HECO, MECO, and HELCO made periodic funding requests to the Hawaiʻi Public Utilities Commission, including in 2022.  The Hawaiian Electric Defendants admit that the document referenced in Paragraph 52 exists.  The document referenced in Paragraph 52 speaks for itself, and the Hawaiian Electric Defendants refer the Court to the document for its contents.  The remainder of Paragraph 52 contains characterizations which the Hawaiian Electric Defendants deny.

53.     The Hawaiian Electric Defendants admit that HECO, MECO, and HELCO commissioned Ward Research to interview stakeholders.  The remaining allegations are denied.

54.     Paragraph 54 contains characterizations to which the Hawaiian Electric Defendants deny.  The Hawaiian Electric Defendants admit that the document referenced in Paragraph 54 exists.  The document referenced in Paragraph 54 speaks for itself, and the Hawaiian Electric Defendants refer the Court to the document for its contents.

55.     Paragraph 55 contains characterizations which the Hawaiian Electric Defendants deny.

56.      The Hawaiian Electric Defendants admit that the document referenced in Paragraph 56 exists.  The document referenced in Paragraph 56 speaks for itself, and the Hawaiian Electric Defendants refer the Court to the document for its contents.  The Hawaiian Electric Defendants admit that HECO, MECO, and HELCO had considered whether or not to implement a proactive plan to shut off power but as of August 2023 had decided not to have a formal power shutoff policy; instead they had other protective policies in place, including a policy regarding the automatic disabling of reclosers in high fire threat conditions.  The remainder of Paragraph 56 contains characterizations which the Hawaiian Electric Defendants deny.

57.     To the extent that the allegations in Paragraph 57 are not directed toward the Hawaiian Electric Defendants, no response is necessary.  In response to Paragraph 57, the Hawaiian

Electric Defendants admit that Jennifer Potter was a member of the Hawaii Public Utilities Commission and admit that wildfires occur on Maui. At this time, the Hawaiian Electric Defendants lack knowledge or information sufficient to form a belief about the truth of the other allegations in this Paragraph and, on that basis, such allegations are denied.

58.     The Hawaiian Electric Defendants admit NWS issued weather warnings in the days preceding the August 8, 2023 fire. The Hawaiian Electric Defendants admit that the document referenced in Paragraph 58 exists. The document referenced in Paragraph 58 speaks for itself, and the Hawaiian Electric Defendants refer the Court to the document for its contents.

59.     The Hawaiian Electric Defendants admit NWS issued weather warnings in the days preceding the August 8, 2023 fire. The Hawaiian Electric Defendants admit that the documents referenced in Paragraph 59 exist. The documents referenced in Paragraph 59 speak for themselves, and the Hawaiian Electric Defendants refer the Court to the documents for their contents.

60.     The Hawaiian Electric Defendants admit NWS issued weather warnings in the days preceding the August 8, 2023 fire. The Hawaiian Electric Defendants admit that the document referenced in Paragraph 60 exists. The post referenced in Paragraph 60 speaks for itself, and the Hawaiian Electric Defendants refer the Court to the document for its contents.

61.     The Hawaiian Electric Defendants admit NWS issued weather warnings in the days preceding the August 8, 2023 fire. The Hawaiian Electric Defendants admit that the document referenced in Paragraph 61 exists. The document referenced in Paragraph 61 speaks for itself, and the Hawaiian Electric Defendants refer the Court to the document for its contents.

62.     Paragraph 62 contains legal conclusions which the Hawaiian Electric Defendants deny.  To the extent that this Paragraph contains factual allegations to which the Hawaiian Electric Defendants are required to respond, such allegations are denied.

63.     In response to Paragraph 63, the Hawaiian Electric Defendants admit that the Morning Fire was reported to have broken out approximately 6:30 a.m. on August 8, 2023 near Lahainaluna Road.  The Hawaiian Electric Defendants admit that the video referenced in Paragraph 63 exists.  The video referenced in Paragraph 63 speaks for itself, and the Hawaiian Electric Defendants refer the Court to the video for its contents.  The Hawaiian Electric Defendants deny any remaining characterizations in this Paragraph.

64.     Paragraph 64 consists of characterizations which the Hawaiian Electric Defendants deny.

65.     At this time, the Hawaiian Electric Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of this  Paragraph and on that basis such allegations are denied.  The Hawaiian Electric Defendants admit that the Maui County Fire Department responded to the Morning Fire, reported it was "100% contained" by 9:00 a.m., left the scene, and later declared it had been "extinguished."

66.     The Hawaiian Electric Defendants admit that fire broke out in the area of Upcountry Maui on August 7-8, 2023.  The Hawaiian Electric Defendants deny that they caused these fires.  The Hawaiian Electric Defendants admit that the footage referenced in Paragraph 66 exists.  The footage referenced in Paragraph 66 speaks for itself, and the Hawaiian Electric Defendants refer the Court to the document for its contents.  The Hawaiian Electric Defendants admit that faults can occur when a power line comes in contact with something.  The Hawaiian Electric Defendants deny all remaining allegations.

67.     The Hawaiian Electric Defendants admit that a fire broke out in the area of Upcountry Maui late in the evening of August 7-8, 2023, sometimes referred to as the "Olinda Fire." The Hawaiian Electric Defendants admit that a fire broke out at approximately 11:30 a.m. on August 8, 2023. At this time, the Hawaiian Electric Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this Paragraph, and on that basis, such allegations are denied.

68.     The allegations in the second and fourth sentences of Paragraph 68 are not directed toward the Hawaiian Electric Defendants, so no response is necessary. The remainder of Paragraph 68 consists of characterizations which the Hawaiian Electric Defendants deny.

69.     The allegations in Paragraph 69 are not directed toward the Hawaiian Electric Defendants, so no response is necessary.

70.     The Hawaiian Electric Defendants deny the allegations in Paragraph 70.

71.     At this time, the Hawaiian Electric Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and on that basis such allegations are denied.

72.     Paragraph 72 contains no factual allegations to which the Hawaiian Electric Defendants are required to respond. To the extent a response is required, the Hawaiian Electric Defendants state that this Paragraph contains legal conclusions which are denied.

73.     Paragraph 73 contains no factual allegations to which the Hawaiian Electric Defendants are required to respond. To the extent a response is required, the Hawaiian Electric Defendants state that this Paragraph contains legal conclusions which are denied.

74.     Paragraph 74 contains no factual allegations to which the Hawaiian Electric Defendants are required to respond.  To the extent a response is required, the Hawaiian Electric Defendants state that this Paragraph contains legal conclusions which are denied.

75.     Paragraph 75 contains no factual allegations to which the Hawaiian Electric Defendants are required to respond.  To the extent a response is required, the Hawaiian Electric Defendants state that this Paragraph contains legal conclusions which are denied.

76.     Paragraph 76 contains a legal conclusion which the Hawaiian Electric Defendants deny.

77.     Paragraph 77 contains a legal conclusion which the Hawaiian Electric Defendants deny.

78.     Paragraph 78 contains a legal conclusion which the Hawaiian Electric Defendants deny.

79.     Paragraph 79 contains legal conclusions which the Hawaiian Electric Defendants deny.

80.     Paragraph 80 contains legal conclusions which the Hawaiian Electric Defendants deny.

81.     Paragraph 81 contains legal conclusions which the Hawaiian Electric Defendants deny.

82.     Paragraph 82 contains legal conclusions which the Hawaiian Electric Defendants deny.

83.     Paragraph 83 contains legal conclusions which the Hawaiian Electric Defendants deny.

84.     Paragraph 84 contains legal conclusions which the Hawaiian Electric Defendants deny

85.     Paragraph 85 contains legal conclusions to which the Hawaiian Electric Defendants are not required to respond.  To the extent a response is required, the Hawaiian Electric Defendants state that this Paragraph contains legal conclusions which are denied.

86.     Paragraph 86 contains legal conclusions to which the Hawaiian Electric Defendants are not required to respond.  To the extent a response is required, the Hawaiian Electric Defendants state that this Paragraph contains legal conclusions which are denied.

87.     Paragraph 87 contains legal conclusions to which the Hawaiian Electric Defendants are not required to respond.  To the extent a response is required, the Hawaiian Electric Defendants state that this Paragraph contains legal conclusions which are denied.

88.     Paragraph 88 contains legal conclusions which the Hawaiian Electric Defendants deny.

89.     Paragraph 89 contains legal conclusions which the Hawaiian Electric Defendants deny. To the extent this Paragraph contains factual allegations to which the Hawaiian Electric Defendants are required to respond, the allegations are denied.

90.     Paragraph 90 contains legal conclusions which the Hawaiian Electric Defendants deny. To the extent this Paragraph contains factual allegations to which the Hawaiian Electric Defendants are required to respond, the allegations are denied.

91.     Paragraph 91 contains legal conclusions which the Hawaiian Electric Defendants deny.

92.     Paragraph 92 contains legal conclusions which the Hawaiian Electric Defendants deny.

93.     In response to Paragraph 93, the Hawaiian Electric Defendants incorporate their responses to the preceding Paragraphs.

94.     Paragraph 94 contains legal conclusions which the Hawaiian Electric Defendants deny.

95.     Paragraph 95 contains legal conclusions which the Hawaiian Electric Defendants deny.

96.     Paragraph 96 contains legal conclusions which the Hawaiian Electric Defendants deny.

97.     Paragraph 97 contains legal conclusions which the Hawaiian Electric Defendants deny.

98.     Paragraph 98 contains legal conclusions which the Hawaiian Electric Defendants deny.  To the extent this Paragraph contains factual allegations to which the Hawaiian Electric Defendants are required to respond, the allegations are denied.

99.     Paragraph 99 contains legal conclusions which the Hawaiian Electric Defendants deny.  To the extent this Paragraph contains factual allegations to which the Hawaiian Electric Defendants are required to respond, the allegations are denied.

100.     To the extent that the allegations in Paragraph 100 are not directed toward the Hawaiian Electric Defendants, no response is necessary.  Paragraph 100 contains legal conclusions which the Hawaiian Electric Defendants deny as to the Hawaiian Electric Defendants.

101.     Paragraph 101 contains legal conclusions which the Hawaiian Electric Defendants deny.

102.     The allegations in Paragraph 102 are not directed toward the Hawaiian Electric Defendants, so no response is necessary.

103.     The allegations in Paragraph 103 are not directed toward the Hawaiian Electric Defendants, so no response is necessary.

104.     The allegations in Paragraph 104 are not directed toward the Hawaiian Electric Defendants, so no response is necessary.

105.     The allegations in Paragraph 105 are not directed toward the Hawaiian Electric Defendants, so no response is necessary.

106.     To the extent that the allegations in Paragraph 106 are not directed toward the Hawaiian Electric Defendants, no response is necessary.  Paragraph 106 contains legal conclusions which the Hawaiian Electric Defendants deny as to the Hawaiian Electric Defendants.

107.     To the extent that the allegations in Paragraph 107 are not directed toward the Hawaiian Electric Defendants, no response is necessary.  Paragraph 107 contains legal conclusions which the Hawaiian Electric Defendants deny as to the Hawaiian Electric Defendants.

108.     To the extent that the allegations in Paragraph 108 are not directed toward the Hawaiian Electric Defendants, no response is necessary.  Paragraph 108 contains legal conclusions which the Hawaiian Electric Defendants deny as to the Hawaiian Electric Defendants.

109.     In response to Paragraph 109, the Hawaiian Electric Defendants incorporate their responses to the preceding Paragraphs.

110.     Paragraph 110 contains legal conclusions which the Hawaiian Electric Defendants deny.

111.     Paragraph 111 contains legal conclusions which the Hawaiian Electric Defendants deny.

112.     Paragraph 112 contains legal conclusions to which the Hawaiian Electric Defendants are not required to respond.

113.     Paragraph 113 contains legal conclusions to which the Hawaiian Electric Defendants are not required to respond.

114.     Paragraph 114 contains legal conclusions which the Hawaiian Electric Defendants deny.

115.     Paragraph 115 contains legal conclusions which the Hawaiian Electric Defendants deny.

116.     Paragraph 116 contains legal conclusions which the Hawaiian Electric Defendants deny.

117.     Paragraph 117 contains legal conclusions which the Hawaiian Electric Defendants deny.

118.     Paragraph 118 contains legal conclusions which the Hawaiian Electric Defendants deny.

119.     Paragraph 119 contains legal conclusions which the Hawaiian Electric Defendants deny.

120.     In response to Paragraph 120, the Hawaiian Electric Defendants incorporate their responses to the preceding Paragraphs.

121.     To the extent that the allegations in Paragraph 121 are not directed toward the Hawaiian Electric Defendants, no response is necessary.  Paragraph 121 contains legal conclusions which the Hawaiian Electric Defendants deny as to the Hawaiian Electric Defendants.

122. To the extent that the allegations in Paragraph 122 are not directed toward the Hawaiian Electric Defendants, no response is necessary. Paragraph 122 contains legal conclusions which the Hawaiian Electric Defendants deny as to the Hawaiian Electric Defendants.

123. Paragraph 123 contains legal conclusions which the Hawaiian Electric Defendants deny.

124. To the extent that the allegations in Paragraph 124 are not directed toward the Hawaiian Electric Defendants, no response is necessary. Paragraph 124 contains legal conclusions which the Hawaiian Electric Defendants deny as to the Hawaiian Electric Defendants.

125. To the extent that the allegations in Paragraph 125 are not directed toward the Hawaiian Electric Defendants, no response is necessary. Paragraph 125 contains legal conclusions which the Hawaiian Electric Defendants deny as to the Hawaiian Electric Defendants.

126. To the extent that the allegations in Paragraph 126 are not directed toward the Hawaiian Electric Defendants, no response is necessary. Paragraph 126 contains legal conclusions which the Hawaiian Electric Defendants deny.

127. To the extent that the allegations in Paragraph 127 are not directed toward the Hawaiian Electric Defendants, no response is necessary. Paragraph 127 contains legal conclusions which the Hawaiian Electric Defendants deny as to the Hawaiian Electric Defendants.

128. In response to Paragraph 128, the Hawaiian Electric Defendants incorporate their responses to the preceding Paragraphs.

129. At this time, the Hawaiian Electric Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph, and on that basis, such allegations are denied.

130. To the extent that the allegations in Paragraph 130 are not directed toward the Hawaiian Electric Defendants, no response is necessary. Paragraph 130 contains legal conclusions which the Hawaiian Electric Defendants deny as to the Hawaiian Electric Defendants.

131. To the extent that the allegations in Paragraph 131 are not directed toward the Hawaiian Electric Defendants, no response is necessary. Paragraph 131 contains legal conclusions which the Hawaiian Electric Defendants deny as to the Hawaiian Electric Defendants.

132. To the extent that the allegations in Paragraph 132 are not directed toward the Hawaiian Electric Defendants, no response is necessary. Paragraph 132 contains legal conclusions which the Hawaiian Electric Defendants deny as to the Hawaiian Electric Defendants.

133. Paragraph 133 contains legal conclusions which the Hawaiian Electric Defendants deny.

134. To the extent that the allegations in Paragraph 134 are not directed toward the Hawaiian Electric Defendants, no response is necessary. Paragraph 134 contains legal conclusions which the Hawaiian Electric Defendants deny as to the Hawaiian Electric Defendants.

135. In response to Paragraph 135, the Hawaiian Electric Defendants incorporate their responses to the preceding Paragraphs.

136. To the extent that the allegations in Paragraph 136 are not directed toward the Hawaiian Electric Defendants, no response is necessary. Paragraph 136 contains legal conclusions which the Hawaiian Electric Defendants deny as to the Hawaiian Electric Defendants.

137. To the extent that the allegations in Paragraph 137 are not directed toward the Hawaiian Electric Defendants, no response is necessary. Paragraph 137 contains legal conclusions which the Hawaiian Electric Defendants deny as to the Hawaiian Electric Defendants.

138.    To the extent that the allegations in Paragraph 138 are not directed toward the Hawaiian Electric Defendants, no response is necessary.  Paragraph 138 contains legal conclusions which the Hawaiian Electric Defendants deny as to the Hawaiian Electric Defendants.

139.    To the extent that the allegations in Paragraph 139 are not directed toward the Hawaiian Electric Defendants, no response is necessary.  Paragraph 139 contains legal conclusions which the Hawaiian Electric Defendants deny as to the Hawaiian Electric Defendants.

140.    To the extent that the allegations in Paragraph 140 are not directed toward the Hawaiian Electric Defendants, no response is necessary.  Paragraph 140 contains legal conclusions which the Hawaiian Electric Defendants deny as to the Hawaiian Electric Defendants.

141.    To the extent that the allegations in Paragraph 141 are not directed toward the Hawaiian Electric Defendants, no response is necessary.  Paragraph 141 contains legal conclusions which the Hawaiian Electric Defendants deny as to the Hawaiian Electric Defendants.

142.    To the extent that the allegations in Paragraph 142 are not directed toward the Hawaiian Electric Defendants, no response is necessary.  Paragraph 142 contains legal conclusions which the Hawaiian Electric Defendants deny as to the Hawaiian Electric Defendants.

143.    To the extent that the allegations in Paragraph 143 are not directed toward the Hawaiian Electric Defendants, no response is necessary.  Paragraph 143 contains legal conclusions which the Hawaiian Electric Defendants deny as to the Hawaiian Electric Defendants.

144.    In response to Paragraph 144, the Hawaiian Electric Defendants incorporate their responses to the preceding Paragraphs.

145.    At this time, the Hawaiian Electric Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph, and on that basis, such allegations are denied.

146. At this time, the Hawaiian Electric Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph, and on that basis, such allegations are denied.

147. At this time, the Hawaiian Electric Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph, and on that basis, such allegations are denied.

148. To the extent that the allegations in Paragraph 148 are not directed toward the Hawaiian Electric Defendants, no response is necessary. Paragraph 148 contains legal conclusions which the Hawaiian Electric Defendants deny as to the Hawaiian Electric Defendants.

149. To the extent that the allegations in Paragraph 149 are not directed toward the Hawaiian Electric Defendants, no response is necessary. Paragraph 149 contains legal conclusions which the Hawaiian Electric Defendants deny as to the Hawaiian Electric Defendants.

150. To the extent that the allegations in Paragraph 150 are not directed toward the Hawaiian Electric Defendants, no response is necessary. Paragraph 150 contains legal conclusions which the Hawaiian Electric Defendants deny as to the Hawaiian Electric Defendants.

151. Paragraph 151 contains legal conclusions which the Hawaiian Electric Defendants deny.

152. Paragraph 152 contains legal conclusions which the Hawaiian Electric Defendants deny.

153. To the extent that the allegations in Paragraph 153 are not directed toward the Hawaiian Electric Defendants, no response is necessary. Paragraph 153 contains legal conclusions which the Hawaiian Electric Defendants deny as to the Hawaiian Electric Defendants.

154. To the extent that the allegations in Paragraph 154 are not directed toward the Hawaiian Electric Defendants, no response is necessary. Paragraph 154 contains legal conclusions which the Hawaiian Electric Defendants deny as to the Hawaiian Electric Defendants.

155.    To the extent that the allegations in Paragraph 155 are not directed toward the Hawaiian Electric Defendants, no response is necessary.  Paragraph 155 contains legal conclusions which the Hawaiian Electric Defendants deny as to the Hawaiian Electric Defendants.

156.    To the extent that the allegations in Paragraph 156 are not directed toward the Hawaiian Electric Defendants, no response is necessary.  Paragraph 156 contains legal conclusions which the Hawaiian Electric Defendants deny as to the Hawaiian Electric Defendants.

157.    In response to Paragraph 157, the Hawaiian Electric Defendants incorporate their responses to the preceding Paragraphs.

158.    At this time, the Hawaiian Electric Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph, and on that basis, such allegations are denied.

159.    At this time, the Hawaiian Electric Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph, and on that basis, such allegations are denied.

160.    To the extent that the allegations in Paragraph 160 are not directed toward the Hawaiian Electric Defendants, no response is necessary.  Paragraph 160 contains legal conclusions which the Hawaiian Electric Defendants deny as to the Hawaiian Electric Defendants.

161.    To the extent that the allegations in Paragraph 161 are not directed toward the Hawaiian Electric Defendants, no response is necessary.  Paragraph 161 contains legal conclusions which the Hawaiian Electric Defendants deny as to the Hawaiian Electric Defendants.

162.    To the extent that the allegations in Paragraph 162 are not directed toward the Hawaiian Electric Defendants, no response is necessary.  Paragraph 162 contains legal conclusions which the Hawaiian Electric Defendants deny as to the Hawaiian Electric Defendants.

163. Paragraph 163 contains legal conclusions which the Hawaiian Electric Defendants deny. To the extent that this Paragraph contains factual allegations to which the Hawaiian Electric Defendants are required to respond, the Hawaiian Electric Defendants deny such allegations.

164. To the extent that the allegations in Paragraph 164 are not directed toward the Hawaiian Electric Defendants, no response is necessary. Paragraph 164 contains legal conclusions which the Hawaiian Electric Defendants deny as to the Hawaiian Electric Defendants

165. To the extent that the allegations in Paragraph 165 are not directed toward the Hawaiian Electric Defendants, no response is necessary. Paragraph 165 contains legal conclusions which the Hawaiian Electric Defendants deny as to the Hawaiian Electric Defendants

166. To the extent that the allegations in Paragraph 166 are not directed toward the Hawaiian Electric Defendants, no response is necessary. Paragraph 166 contains legal conclusions which the Hawaiian Electric Defendants deny as to the Hawaiian Electric Defendants.

167. To the extent that the allegations in Paragraph 167 are not directed toward the Hawaiian Electric Defendants, no response is necessary. Paragraph 167 contains legal conclusions which the Hawaiian Electric Defendants deny as to the Hawaiian Electric Defendants

168. To the extent that the allegations in Paragraph 168 are not directed toward the Hawaiian Electric Defendants, no response is necessary. Paragraph 168 contains legal conclusions which the Hawaiian Electric Defendants deny as to the Hawaiian Electric Defendants.

169. In response to Paragraph 169, the Hawaiian Electric Defendants incorporate their responses to the preceding Paragraphs.

170. Paragraph 170 contains legal conclusions which the Hawaiian Electric Defendants deny. To the extent that this Paragraph contains factual allegations to which the Hawaiian Electric Defendants are required to respond, the Hawaiian Electric Defendants deny such allegations.

171.　Paragraph 171 contains legal conclusions which the Hawaiian Electric Defendants deny.

172.　Paragraph 172 contains legal conclusions which the Hawaiian Electric Defendants deny.

173.　Paragraph 173 contains legal conclusions which the Hawaiian Electric Defendants deny.

174.　Paragraph 174 contains legal conclusions which the Hawaiian Electric Defendants deny.

175.　Paragraph 175 contains legal conclusions which the Hawaiian Electric Defendants deny.

176.　Paragraph 176 contains legal conclusions which the Hawaiian Electric Defendants deny.

177.　In response to Paragraph 177, the Hawaiian Electric Defendants incorporate their responses to the preceding Paragraphs.

178.　At this time, the Hawaiian Electric Defendants lack knowledge or information sufficient to form a belief about the truth of the other allegations in this Paragraph, and on that basis, such allegations are denied.

179.　Paragraph 179 contains legal conclusions to which the Hawaiian Electric Defendants are not required to respond.

180.　Paragraph 180 contains legal conclusions to which the Hawaiian Electric Defendants are not required to respond.  The Hawaiian Electric Defendants deny that HEI is a public utility.

181.　Paragraph 181 contains legal conclusions to which the Hawaiian Electric Defendants are not required to respond.  The Hawaiian Electric Defendants deny that HEI operates as a public utility.

182.　Paragraph 182 contains legal conclusions which the Hawaiian Electric Defendants deny.

183.　Paragraph 183 contains legal conclusions which the Hawaiian Electric Defendants deny. To the extent that this Paragraph contains factual allegations to which the Hawaiian Electric Defendants are required to respond, the Hawaiian Electric Defendants deny such allegations.

184.　Paragraph 184 contains legal conclusions which the Hawaiian Electric Defendants deny.

185. Paragraph 185 contains legal conclusions which the Hawaiian Electric Defendants deny.

186. Paragraph 186 contains legal conclusions which the Hawaiian Electric Defendants deny.

187. Paragraph 187 contains legal conclusions which the Hawaiian Electric Defendants deny.

188. Paragraph 188 contains legal conclusions which the Hawaiian Electric Defendants deny.

189. Paragraph 189 contains legal conclusions which the Hawaiian Electric Defendants deny.

190. Paragraph 190 contains legal conclusions which the Hawaiian Electric Defendants deny.

191. Paragraph 191 contains legal conclusions which the Hawaiian Electric Defendants deny.

192. In response to Paragraph 192, the Hawaiian Electric Defendants incorporate their responses to the preceding Paragraphs.

193. Paragraph 193 contains legal conclusions which the Hawaiian Electric Defendants deny.

194. Paragraph 194 contains legal conclusions which the Hawaiian Electric Defendants deny.

195. Paragraph 195 contains legal conclusions which the Hawaiian Electric Defendants deny.

196. To the extent that the allegations in this Paragraph are not directed toward the Hawaiian Electric Defendants, no response is necessary. The allegations in this paragraph contain Plaintiffs' requests for relief, which require no response; to the extent a response is required, the Hawaiian Electric Defendants deny that Plaintiffs are entitled to any relief from the Hawaiian Electric Defendants.

## AFFIRMATIVE DEFENSES

By asserting the following affirmative defenses, the Hawaiian Electric Defendants do not admit that they bear the burden of proof on any such defenses.

## FIRST AFFIRMATIVE DEFENSE

### (Offset)

To the extent that the Hawaiian Electric Defendants have provided, or may provide, compensation of any kind to Plaintiffs and/or their insurers, including but not limited to through any restitution ordered by any court, such compensation may constitute an offset.

## SECOND AFFIRMATIVE DEFENSE

### (Lack of Capacity or Standing)

The claims alleged in the Complaint are barred, in whole or in part, by lack of capacity or standing.

## THIRD AFFIRMATIVE DEFENSE

### (Compliance)

The Hawaiian Electric Defendants have complied with the applicable laws, regulations, and rules and such compliance demonstrates that due care and reasonable prudence were exercised. The claims in the Complaint are barred, in whole or in part, because matters alleged and complained about in the Complaint were consistent with available technology, were in compliance with applicable regulations, and alternative design was not feasible or practical.

## FOURTH AFFIRMATIVE DEFENSE

### (Lack of Intentionality)

Alleged acts or omissions in the Complaint causing a nuisance or trespass on land were unintentional and non-negligent.

## FIFTH AFFIRMATIVE DEFENSE

### (Superseding, Subsequent, or Intervening Events)

The injuries, losses, or damages alleged in the Complaint were directly and proximately caused, in whole or in part, by intervening, and/or superseding acts for which the Hawaiian Electric Defendants are not accountable.

## SIXTH AFFIRMATIVE DEFENSE

### (Acts of God)

The injuries, losses, or damages alleged in the Complaint were directly and proximately caused, in whole or in part, by acts of nature, or persons, or entities for whom or which the Hawaiian Electric Defendants are not accountable, including but not limited to Acts of God.

## SEVENTH AFFIRMATIVE DEFENSE

### (Mitigation)

The injuries, losses, or damages alleged in the Complaint are subject to the requirements of the principles of mitigation.

## EIGHTH AFFIRMATIVE DEFENSE

### (Injury Caused by Others)

The injuries, losses or damages alleged in the Complaint were caused in whole or in part by persons or entities for whom or which the Hawaiian Electric Defendants are not accountable and over whom or which the Hawaiian Electric Defendants had neither control nor right of control. The Hawaiian Electric Defendants are entitled to apportionment of fault among all persons and entities whose acts or omissions contributed to the occurrence and extent of the alleged injuries, damages and/or losses, and a judgment and declaration of indemnification and contribution in favor of the Hawaiian Electric Defendants and against all other persons and entities with the apportionment of fault.

## NINTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

Causation has not yet been determined so the Hawaiian Electric Defendants plead a general response now to avoid delay in the litigation. This affirmative defense is not intended to blame any individual victim, but rather to reserve rights in the event it is determined that other persons or entities have responsibility in whole or in part for the Lahaina Fire and/or the damages associated with the Lahaina Fire. Other persons or entities, including but not limited to one or more of the Plaintiffs, may be legally responsible under the doctrine of comparative negligence, contributory negligence or assumption of risk, or may be otherwise at fault, in whole or in part, for which the law provides apportionment of fault, reduction, offset, indemnification or contribution.

## TENTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

Causation has not yet been determined so the Hawaiian Electric Defendants plead a general response now to avoid delay in the litigation. This affirmative defense is not intended to blame any individual victim, but rather to reserve rights in the event it is determined that other persons or entities have responsibility in whole or in part for the damages associated with the Lahaina Fire. If Plaintiffs suffered any of the injuries and/or damages alleged in the Complaint, such injuries and/or damages were proximately caused by the voluntary assumption of risk of such injuries and/or damages.

## ELEVENTH AFFIRMATIVE DEFENSE

(Indemnification/Contribution)

To the extent the Hawaiian Electric Defendants are liable to Plaintiffs for any damages, the Hawaiian Electric Defendants are entitled to contribution or indemnification, in whole or in part, from other parties or third parties.

## TWELFTH AFFIRMATIVE DEFENSE

(Limitations on Punitive and/or Exemplary Damages)

The allegations in the Complaint fail to state facts sufficient to support an award of exemplary or punitive damages or other statutory fines or penalties against the Hawaiian Electric Defendants.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Limitations on Damages)

The Complaint fails to state a cause of action for which pre-judgment interest, expert fees, or attorney's fees may be awarded.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Constitutional Protections Against Punitive Damages)

The claims in the Complaint for punitive damages are barred, in whole or in part, because they violate state and federal constitutional rights, including but not limited to due process, equal protection, and ex post facto provisions; the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution, and Article 1, section 5 of the Hawaii Constitution; and the right not to be subjected to excessive awards and multiple punishments. Any claim for punitive damages is limited by state and federal law, including but not limited to the United States Supreme Court's decision in *State Farm Mutual Automobile Insurance Company v. Campbell*, 123 S. Ct. 1513 (2003).

## FIFTEENTH AFFIRMATIVE DEFENSE

(Constitutional Protections Against the Application of Inverse Condemnation)

The claims in the Complaint for inverse condemnation are barred, in whole or in part, because they violate state and federal constitutional rights, including but not limited to due process under the Fourteenth Amendment of the United States Constitution and Article 1, section 5 of the Hawaii Constitution, and the takings clause of the Fifth Amendment of the United States Constitution as incorporated against the States by the Fourteenth Amendment and Hawaii Constitution Article I, section 20.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Non-Joinder)

The claims alleged in the Complaint are defective, in whole or in part, for non-joinder of parties who are necessary and/or indispensable.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Misjoinder)

The claims alleged in the Complaint are defective, in whole or in part, for the improper joinder of parties to this action.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Split Causes of Action)

The claims alleged in the Complaint are barred, in whole or in part, to the extent they split a cause of action.

## NINETEENTH AFFIRMATIVE DEFENSE

(Lack of Entitlement)

Plaintiffs are not entitled to recover on claims of damages or losses paid, in whole or in part, as a result of coverage under any applicable policy of insurance.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Double Recovery)

Plaintiffs are not entitled—in combination with their insurers or otherwise, including through restitution ordered by any court—to double recovery, in whole or in part, on any claims of damages or losses.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Waiver)

The claims alleged in the Complaint are barred, in whole or in part, from recovery based on waiver.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Reasonable and Lawful Expenses)

In the event that the Hawaiian Electric Defendants are liable for injuries, damages, or expenses alleged in the Complaint, the Hawaiian Electric Defendants would be liable only to the extent that such injuries, damages, or expenses are reasonable and lawfully incurred. The Hawaiian Electric Defendants deny that the injuries, damages, or expenses alleged in the Complaint were lawfully incurred and therefore allege that Plaintiffs are not entitled to recovery on such injuries, damages or expenses, in whole or in part.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Exhaustion of Administrative Remedies)

The claims alleged in the Complaint are barred, in whole or in part, because Plaintiffs have failed to exhaust their administrative remedies, including with the State of Hawaiʻi and the Hawaiʻi Public Utilities Commission.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Primary Jurisdiction)

The claims alleged in the Complaint are barred, in whole or in part, because Plaintiffs have failed to present them first to an administrative body possessing special regulatory power with respect to such claims.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Lack of Property Interest)

The claims alleged in the Complaint for inverse condemnation are barred, in whole or in part, because Plaintiffs lack compensable interest in the properties or property rights alleged taken.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Failure to Satisfy Prerequisites)

The claims alleged in the Complaint are barred, in whole or in part, because Plaintiffs do not satisfy and/or are not able to satisfy the prerequisites for a class action set forth in Rule 23(a) of the Federal Rules of Civil Procedure and/or the Hawaiʻi Rules of Civil Procedure.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Satisfy Prerequisites)

The claims alleged in the Complaint are barred, in whole or in part, because Plaintiffs do not satisfy and/or are not able to satisfy the prerequisites for a class action set forth in Rule 23(b) of the Federal Rules of Civil Procedure and/or the Hawaiʻi Rules of Civil Procedure.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Emergency Immunity)

The claims alleged in the Complaint are barred, in whole or in part, to the extent they are based on any act or omission made by the Hawaiian Electric Defendants in the course of engaging in emergency management functions pursuant to Hawai'i Rev. Stat. § 127A-9(a).

## RESERVATION OF ADDITIONAL AFFIRMATIVE DEFENSES

Discovery has not yet begun. The Hawaiian Electric Defendants reserve the right to assert additional defenses that may be revealed through investigation, discovery, and or trial. The Hawaiian Electric Defendants will rely upon any matter constituting an avoidance or affirmative defense as set forth in Rule 8(c) of the Hawai'i Rules of Civil Procedure and will seek leave to amend their answer to allege any such matters as deemed necessary and appropriate.

## PRAYER

WHEREFORE, the Hawaiian Electric Defendants pray that Plaintiffs take nothing by the Complaint, and that relief be afforded as provided by law and for such other and further relief that the Court may deem just and proper.

## DEMAND FOR JURY

The Hawaiian Electric Defendants respectfully request a trial by jury as to all issues so triable in each action subject to the Complaint.

DATED: Honolulu, Hawai'i, November 17, 2023.

/s/ *Randall C. Whattoff*
JOACHIM P. COX
RANDALL C. WHATTOFF

Attorneys for Defendants

MAUI ELECTRIC COMPANY, LIMITED,
HAWAIIAN ELECTRIC COMPANY, INC.,
HAWAIIAN ELECTRIC INDUSTRIES, INC., and
HAWAII ELECTRIC LIGHT COMPANY, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| NOVA BURNES; MAUI CONCIERGE AESTHETICS, LLC; LISA GORMAN-CABINGAS; MICHAEL CABINGAS; LANI CHADLI, individually and as Trustee of the AOTAKI FAMILY IRREVOCABLE TRUST; KATHRYN LLAMAS; and BARRETT PROCELL, individually and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br>  vs.<br><br>HAWAIIAN ELECTRIC COMPANY, INC. dba HAWAIIAN ELECTRIC; MAUI ELECTRIC COMPANY, LIMITED dba MECO; HAWAI'I ELECTRIC LIGHT COMPANY, INC.; HAWAIIAN ELECTRIC INDUSTRIES, INC.; TRUSTEES OF THE ESTATE OF BERNICE PAUAHI BISHOP; COUNTY OF MAUI; and DOE DEFENDANTS 1-10,<br><br>      Defendants. | CASE NO. 1:23-cv-00452-LEK-RT (Class Action)<br><br>CERTIFICATE OF SERVICE |

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this date, a true and correct copy of the foregoing document was duly served upon the following parties via the means and on the date indicated below:

| NAME(S) | U.S. MAIL POSTAGE PREPAID | E-MAIL | ECF |
|---|---|---|---|
| TERRANCE M. REVERE<br>terry@revereandassociates.com<br>REVERE & ASSOCIATES<br>970 N. Kalaheo, Suite A301<br>Kailua, Hawaii 96734 | | | ☒ |
| Of Counsel:<br>RICHARD E. WILSON<br>rewilson_law@yahoo.com<br>LAW OFFICES OF RICHARD E.<br>  WILSON, LLC<br>735 Bishop St., Suite 306<br>Honolulu, Hawaii 96813 | | | ☒ |
| PATRICK KYLE SMITH<br>kyle@smithlawhawaii.com<br>LAW OFFICE OF KYLE SMITH<br>604 Ilimano Street<br>Kailua, Hawaii 96734<br><br>Attorneys for Plaintiffs | | | ☒ |
| DAVID J. MINKIN<br>minkin@m4law.com<br>JORDAN K. INAFUKU<br>jinafuku@m4law.com<br>SARA M. HAYDEN<br>smh@m4law.com<br>KAMRIE J. KOI<br>kjk@m4law.com<br>McCORRISTON MILLER<br>  MUKAI MacKINNON LLP<br>Five Waterfront Plaza, 4th Floor<br>500 Ala Moana Boulevard<br>Honolulu, Hawaii 96813<br><br>Attorneys for Defendant<br>COUNTY OF MAUI | | ☒ | |

| PAUL ALSTON | | | ☒ |
| paul.alston@dentons.com | | | |
| NICKOLAS A. KACPROWSKI | | | |
| nickolas.kacprowski@dentons.com | | | |
| NATHAN P. SHIMODOI | | | |
| nathan.shimodoi@dentons.com | | | |
| DENTONS US LLP | | | |
| 1001 Bishop Street, Suite 1800 | | | |
| Honolulu, Hawaii 96813-3689 | | | |
| | | | |
| Attorneys for Defendants | | | |
| TRUSTEES OF THE ESTATE OF | | | |
| BERNICE PAUAHI BISHOP | | | |

DATED:  Honolulu, Hawaiʻi, November 17, 2023.

/s/Joachim P. Cox
JOACHIM P. COX
RANDALL C. WHATTOFF
Attorneys for Defendants
HAWAIIAN ELECTRIC COMPANY, INC.,
MAUI ELECTRIC COMPANY, LIMITED,
HAWAII ELECTRIC LIGHT COMPANY, INC.,
and HAWAIIAN ELECTRIC INDUSTRIES, INC.